ORIGINAL

Approved: _____
ANDREW A. ROHRBACH
Assistant United States Attorney

Before:     THE HONORABLE GABRIEL W. GORENSTEIN
            United States Chief Magistrate Judge
            Southern District of New York

- - - - - - - - - - - - - - - - x     **19MAG  6135**
                                 :
UNITED STATES OF AMERICA         :     **COMPLAINT**
                                 :
- v. -                           :     Violation of
                                 :     18 U.S.C. §§ 922(g)(1),
AKBAR MEIGHAN,                   :     924(a)(2), and 2
    a/k/a "Meighan Akbar,"       :
    a/k/a "Careem Meig,"         :     COUNTY OF OFFENSE:
    a/k/a "James K Taylor,"      :     NEW YORK
                                 :
                          /      :
            Defendant.           :
                                 :
- - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

        MANUEL FAJARDO, being duly sworn, deposes and says
that he is a Criminal Investigator with the United States Park
Police and charges as follows:

### COUNT ONE
#### (Felon in Possession)

        1.    On or about June 27, 2019, in the Southern District of
New York and elsewhere, AKBAR MEIGHAN, a/k/a "Meighan Akbar,"
a/k/a "Careem Meig," a/k/a "James K Taylor," the defendant,
knowing that he had previously been convicted in a court of a
crime punishable by imprisonment for a term exceeding one year,
did knowingly possess in and affecting commerce a firearm, to
wit, a Hi-Point .38 handgun, which had previously been shipped
and transported in interstate and foreign commerce.

     (Title 18, United States Code, Sections 922(g)(1), 924(a)(2),
                            and 2.)

        The bases for my knowledge and for the foregoing
charge are, in part, as follows:

2.    I am a Criminal Investigator with the United States Park Police.   This affidavit is based upon my conversations with the arresting Park Police officers and other law enforcement officers, my examination of reports and records prepared by law enforcement officers, and my personal involvement in this investigation.   Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all of the facts that I have learned during the course of my investigation.   Where the contents of documents and the actions and statements of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3.    Based upon my conversations with the arresting officers, my examination of reports and records prepared by law enforcement officers, and my involvement in this investigation, I have learned, among other things, the following:

a.    On or about June 27, 2019, two Park Police officers ("Officer-1" and "Officer-2") were patrolling the area around Castle Clinton in Battery Park in New York, New York. The officers observed a man seated on a bench in the vicinity of the Verrazano Statute smoking a cigarette, which is prohibited by New York City park rules. The officers approached the man, and while doing so, they smelled an odor which they recognized as marijuana based on their training and experience.   The officers also recognized the individual as AKBAR MEIGHAN, a/k/a "Meighan Akbar," a/k/a "Careem Meig," a/k/a "James K Taylor," the defendant, based on their prior encounters with MEIGHAN in Battery Park.

b.    Once MEIGHAN observed the officers, he threw away his cigarette. Officer-1 informed MEIGHAN that he was being detained for smoking marijuana and smoking in a New York park.

c.    The officers observed that MEGIHAN was wearing a black fanny pack with a "SUPREME" logo, which Officer-1 had seen him wear on previous occasions.   The officers instructed MEIGHAN to remove the fanny pack. MEIGHAN placed his fanny pack, wallet, and cell phone on the bench.

d.    MEIGHAN than ran from the Officers. Officer-1 and Officer-2 pursued him out of the park.   Officer-2 alerted other Park Police officers of the chase by radio, and another officer ("Officer-3") ran in their direction. The officers caught and arrested MEIGHAN on Washington Street.

2

e.     Upon arresting MEIGHAN, Officer-1 and Officer-2 radioed other officers to secure the crime scene by the Verrazano Statute and retrieve the fanny pack dropped by MEIGHAN.  Officer-3 arrived at the statute and saw one black fanny pack, a wallet, and a cell phone unattended on a bench. He saw no other unattended bags in the vicinity of the statute. Officer-3 opened the fanny pack and saw a firearm (the "Firearm") and a large sum of cash.

f.     Following the arrest, Officer-1 and Officer-2 both saw the bag seized by Officer-3.  Both Officer-1 and Officer-2 identified it as a black fanny pack with a "SUPREME" logo that matches the bag MEIGHAN wore before the arrest.

4.     Based on my review of Park Police documents, I have learned that the Firearm is a.38 caliber Hi-Point handgun.

5.     Based on information received from an agent of the United States Bureau of Alcohol, Tobacco, Firearms and Explosives, who is familiar with the manufacturing of firearms, I know that the Firearm was manufactured outside the State of New York.

6.     I have reviewed criminal history records pertaining to AKBAR MEIGHAN, the defendant, which show that MEIGHAN was convicted on or about April 14, 2004, in the State of New York of robbery in the second degree, New York Penal Law § 160.10, a Class C Felony, which is punishable by imprisonment for more than one year, and for which MEIGHAN was sentenced to a seven-year term of imprisonment.

WHEREFORE, I respectfully request that AKBAR MEIGHAN, the defendant, be imprisoned or bailed, as the case may be.

3

MANUEL FAJARDO
Criminal Investigator
United States Park Police

Sworn to before me this
28th day of June, 2019

THE HONORABLE GABRIEL W. GORENSTEIN
UNITED STATES CHIEF MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

4